# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re:<br><br>ACCESS CARDIOSYSTEMS, INC.<br><br>Debtor | Chapter 11<br>Case No. 05-40809-HJB |
| ACCESS CARDIOSYSTEMS, INC., JAMES A. RADLEY, JOHN J. MORIARTY, RICHARD F. CONNOLLY, JR. AND JOSEPH R. ZIMMELL,<br><br>Plaintiffs<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ACCESS CARDIOSYSTEMS, INC.,<br><br>Plaintiff-Intervenor<br>v.<br><br>RANDALL FINCKE,<br><br>Defendant | Adversary Proceeding<br>No. 05-04076-HJB |

## ORDER DENYING DEFENDANT RANDALL FINCKE'S AMENDED MOTION TO FILE PAPERS UNDER SEAL

Before the Court is " Defendant Randall Fincke's Amended Motion to File Papers Under Seal" (the "Amended Motion to Impound"). The instant adversary proceeding, removed to this Court from the Massachusetts Superior Court Department of the Trial

1

Court, relates to an intellectual property dispute. It has been vigorously litigated. Before the Court are also cross-motions by the Plaintiffs and Defendant for full or partial summary judgment.

In or about August of 2005, the parties were able to resolve an outstanding discovery dispute with respect to the confidentiality of their respective records. On August 4, 2005, they presented to this Court a proposed Stipulated Protective Order, which order the Court executed on August 8, 2005 (the "Protective Order"). In addition to various and (overly) complex provisions designed to govern the parties' behavior towards one another with respect to the confidentiality of certain documents, the Protective Order also deals with the filing of documents with the Court believed by the filer to be confidential. With respect to the latter, Paragraph 12 of the Protective Order provides: "If a party wishes to file Confidential or Highly Confidential Information [ a designation made by the parties with an opportunity for objection] with the Court, such filing shall be accomplished in accordance with [Massachusetts Local Bankruptcy Rule] 9018-1."

Massachusetts Local Bankruptcy Rule 9018-1 (Rule 9018-1") provides:

(a) For cause reflecting a genuine risk of substantial harm to any party in interest, the court may order that some or all of the papers in the case be impounded by the clerk. Such impounded papers shall be maintained under clerk custody separate and apart from files to which the public has access; no computer or other images thereof shall be made for public viewing.

(b) A request for impoundment shall be made by motion. The papers sought to be impounded shall be placed in a sealed envelope or container conspicuously marked "filed subject to pending impoundment motion," and shall be filed simultaneously with the motion. The motion shall contain (i) a statement under oath setting forth the grounds for impoundment, (ii) a

2

        statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court, and (iii) suggested custody arrangements for the post-impoundment period, if any.

(c)     The court shall review the papers sought to be impounded in camera. If the motion for impoundment is denied, the papers shall be returned to the party requesting impoundment and, if refiled, shall be filed with other pleadings in the case to which public access is allowed. If the motion for impoundment is granted, the order of impoundment shall be filed with the pleadings in the case. The impounded papers shall be transferred to the custody of the clerk for special storage. The clerk shall attach a copy of the order of impoundment to the envelope or other container holding the impounded material. Thereafter, access to the impounded papers shall be limited to the court, the clerk, the party for whose benefit the impoundment order was granted, and any party who, upon motion, notice to the party for whose benefit the impoundment order was granted and an opportunity to be heard, receives relief from the impoundment order in whole or in part.

(d)     If the impoundment order expires by its terms but provides no arrangements for post-impoundment custody of the impounded papers, or if the impoundment order provides for post-impoundment custody of the impounded papers, but the impounded papers are not timely retrieved, the clerk shall provide notice of no less than thirty (30) days to the party for whose benefit the impoundment order was granted, or his, her or its attorney, that the said papers shall, in the absence of timely objection made prior to the expiration of the notice period, be placed in the public file.

(e)     For good cause shown by affidavit attesting to a risk of irreparable harm if advance notice is given to any other party, the motion for impoundment may be heard ex-parte.

On October 7, 2005, in conjunction with his motion for summary judgment, defendant Randall Fincke filed a "Motion to File Papers Under Seal" (the "First Motion to Impound"), citing Paragraph 12 of the Protective Order and Rule 9018-1. But, notwithstanding section (b) of Rule 9018-1, the First Motion to Impound failed to set forth, under oath, the grounds for impoundment, the date by which impoundment would expire and the post-impoundment custody arrangements. Accordingly, on October 12, 2005, the Court entered the following order: "DENIED WITHOUT PREJUDICE. THE

3

MOTION FAILS TO COMPLY WITH MLBR 9018-1(b). MOVANT SHOULD EITHER AMEND AND REFILE THE MOTION OR MAKE ARRANGEMENTS TO RETRIEVE ITS MATERIALS HELD BY THE COURT."

The instant Amended Motion to Impound was filed shortly thereafter. It sets forth the date by which impoundment may expire and the post-impoundment custody arrangements. But, with respect to the grounds for impoundment, the movant says only, albeit under oath, that the documents have been marked "Confidential" or "Highly Confidential." That is not what the Court had in mind in its October 12, 2005 Order.

Rule 9018-1 is designed not only to protect parties from the improper disclosure of sensitive information, but also to protect the Clerk's Office from the burden of impounding information which need not be impounded. In the Amended Motion to Impound, the movant says only that the material is confidential because the movant says it is so. That is not enough. Rule 9018-1(b) requires that the movant provide grounds that have substance.

The Amended Motion to Impound is DENIED WITHOUT PREJUDICE. The Court reserves the right to strike the pleadings sought to be protected and act accordingly in their absence, if a second amended motion to impound -- in full compliance with Rule 9018-1 -- is not filed, together with a motion for expedited determination, by October 21, 2005.

DATED: October 18, 2005

Henry J. Boroff
United States Bankruptcy Judge