# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re:<br><br>ACCESS CARDIOSYSTEMS, INC.,<br><br>Debtor | Chapter 11<br>Case No. 05-40809 |
| ACCESS CARDIOSYSTEMS, INC., NORTH AMERICAN ENTERPRISES, INC., JOHN MORIARTY AND ASSOCIATES, JOHN J. MORIARTY, RICHARD F. CONNOLLY, JR., AND JOSEPH R. ZIMMELL,<br><br>Plaintiffs,<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ACCESS CARDIOSYSTEMS, INC.,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>RANDALL FINCKE,<br><br>Defendant | Adversary Proceeding<br>No. 05-4076 |

## MEMORANDUM OF DECISION

Before this Court is a "Motion for Stay Pending Appeal" (the "Stay Motion") filed by Randall Fincke ("Fincke"), the Defendant in an adversary proceeding presently pending

1

before this Court. In conjunction with the Stay Motion, Fincke has also moved to file one of the supporting exhibits under seal (the "Motion to File Papers Under Seal"). The resolution of both motions turns on the relevance of Fincke's arguments, as presented in the Stay Motion, to the appropriate standard for granting such relief under the Federal Rules of Civil Procedure.

## I.    FACTS AND TRAVEL OF THE CASE

A detailed recitation of the underlying facts and procedural history of the present case has previously been set forth in this Court's Memorandum of Decision dated March 31, 2006, see Access Cardiosystems, Inc. v. Fincke (In re Access Cardiosystems, Inc.), -- B.R. ---, 2006 WL 851090 (Bankr. D. Mass. 2006), and need not be fully repeated here.

On March 31, 2006, this Court granted partial summary judgment for the Plaintiffs[1] on Count I of their complaint (the "Judgment" or "Judgment and Order"). On the same date, this Court also issued a lengthy Memorandum of Decision (the "Memorandum") detailing the legal bases underlying the Judgment. In their Motion for Partial Summary Judgment on Count I, the Plaintiffs sought a declaration that Access was the rightful owner of the inventions disclosed in United States Patent Application No. 10/232,645 (the "'645 Application"), filed in the name of Fincke as inventor and which relate to the Debtor's

---

[1] The plaintiffs in the present adversary proceeding (the "Plaintiffs") are: (1) Access Cardiosystems, Inc. (the "Debtor" or "Access"), whose main Chapter 11 bankruptcy case is presently pending before the Court; (2) individuals who have invested, and hold equity interests, in Access (the "Investors"); (3) the corporate entities serving as the investment vehicles for two of the Investors; and (4) the Unsecured Creditors Committee, which has successfully intervened in the adversary proceeding, but which has not played an active role in matters presently before the Court. The defendant, Fincke, is a former Access director, officer and shareholder.

2

Automated External Defibrillator System (the "Access AED"). Finding that Fincke had breached his fiduciary duties by, *inter alia*, retaining legal ownership of the '645 Application, this Court entered the following:

> Pursuant to [the] partial judgment [on the Plaintiffs' Motion for Partial Summary Judgment], this Court:
>
> 1. DECLARES that Access Cardiosystems, Incorporated (the "Debtor") owns all right, title and interest in Non-provisional Patent Application Number 10/232,645 filed with the United States Patent and Trademark Office, any ensuing patent and any related intellectual property (together the "Intellectual Property"); and
>
> 2. ORDERS the Defendant, Randall Fincke ("Fincke"), to:
>
>    a. within 20 days of the date of this order, assign to the Debtor all of the Intellectual Property; and
>
>    b. refrain from hereafter engaging in any business activity relating to the Intellectual Property.

On April 10, 2006, Fincke filed a Notice of Appeal of the Judgment and elected to have his appeal heard by the United States District Court for the District of Massachusetts. Also on that date, Fincke filed the instant Stay Motion, requesting that this Court's Judgment and Order be stayed until resolution of the appeal.

## II. DISCUSSION

### A. Stay Motion

#### 1. Fincke's Position

According to the Stay Motion, Fincke is currently engaged in developing new defibrillator technology (the "New Design") which, he avers, does not utilize inventions

3

disclosed in and protected by the '645 Application. However, Fincke says that the Judgment should be stayed because it may require Fincke to disclose and/or convey intellectual property related to the New Design. Fincke argues that since both the Access AED and the New Design "share some essential technology that is not considered patentable because it is in the public domain," the New Design may "relate to the Intellectual Property as defined in the [Judgment]."

Fincke argues that he is likely to succeed on the merits of his appeal since the Judgment is overbroad. Fincke also claims that he will suffer irreparable harm if the Judgment is not stayed, since he may be compelled to transfer proprietary information related to the New Design to the Plaintiffs and may be prevented from continuing in his business activities related to the New Design. Fincke says that the Plaintiffs will suffer no harm if the Judgment is stayed, because they had previously expressed their consent to Fincke's continued development and production of the New Design, provided that he did not engage in business activity related to the '645 Application and the inventions disclosed therein. Thus, according to Fincke, the balance of harms tips decidedly in his favor and the Judgment and Order should be stayed.

2. <u>Standard for Granting a Stay of Judgment Pending Appeal</u>

Fincke has brought his motion pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 8005. That rule authorizes a bankruptcy judge to

> suspend or order the continuation of other proceedings in the case . . . or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Fed. R. Bankr. P. 8005. Similarly, under Federal Rule of Civil Procedure (the "Federal Rules") 62(c), made applicable to these proceedings by Bankruptcy Rule 7062,

4

> when an appeal is taken from a[ ] . . . final judgment granting . . . an injunction, the court in its discretion may suspend, *modify*, restore, or grant an injunction during the pendency of the appeal upon such terms . . . as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c) (emphasis added); Fed. R. Bankr. P. 7062.

Under both Bankruptcy Rule 8005 and Federal Rule 62(c), the standards for granting a stay of judgment pending appeal "are the same as those which must be met for the issuance of a preliminary injunction." In re Miraj & Sons, Inc., 201 B.R. 23, 26 (Bankr. D. Mass 1996) (citing In re Public Serv. Co., 116 B.R. 347, 348 (Bankr. D.N.H. 1990)). The moving party must demonstrate that:

(1)   There is a likelihood of success on the merits of the appeal;

(2)   The moving party will suffer irreparable harm if a stay is not granted;

(3)   The harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and

(4)   The public interest would not be adversely affected by the issuance of the stay.

See, e.g., Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987) (applying four-part test to Federal Rule 62(c) motion); In re Miraj, 201 B.R. at 25-26 (test applies to motions under Bankruptcy Rule 8005). Although the court need not give equal weight to each factor, Great Barrington Fair & Amusement, Inc., 53 B.R. 237, 239 (Bankr. D. Mass. 1985), the onus is on the moving party to make some showing that each part of the substantive "test" is at least minimally satisfied. In re Miraj, 201 B.R. at 26. Thus, "a stay pending appeal should not be granted if any of the factors is entirely absent." Id.

3.   Analysis

In order to demonstrate a likelihood of success on the merits, the party seeking a

5

stay pending appeal must show that it has a "substantial" or "strong" case on appeal. Miraj, 201 B.R. at 26-27 (quoting In re Public Serv., 116 B.R. at 348-49). But Fincke does not argue that he has a substantial case on appeal. In fact, he does not challenge the legal analysis or conclusions reached by this Court in its Memorandum issued with the Judgment. He does not question Access's rightful ownership of the '645 Application and the inventions disclosed therein. And he does not disavow his legal obligation to assign the '645 Application and any ensuing patent to Access. Thus, he has failed to even minimally satisfy the first requirement under the four-part test.

Fincke argues instead that, in the portions of the Judgment ordering him to assign rights in and to refrain from engaging business activity using intellectual property related to the Access AED, the language used is overbroad. Even if this assertion is correct, the instant Stay Motion does not request the appropriate relief. Under Federal Rule 62(c), this Court may modify the Judgment in order to protect the rights of the parties. Thus, Fincke could have requested a modification of the injunction in order to protect his interests in the New Design. Alternatively, Fincke could have filed a motion to clarify the judgment or a motion under Federal Rule 60(a) to correct the judgment. See, e.g., Polanco v. Allan, 1996 U.S. Dist. LEXIS 9385, at *2 (N.D.N.Y. 1996); Pruzinsky v. Gianetti (In re Walter), 282 F.3d 434, 436 (6th Cir. 2002) (quoting Vaughter v. Eastern Air Lines, Inc. 817 F.2d 685, 689 (11th Cir. 1987)). But to stay the entirety of the Judgment pending the outcome of his appeal is simply unwarranted.

As fully explained in the Memorandum, Access owns the inventions disclosed in the '645 Application and is entitled to have those rights legally conveyed through an assignment executed by Fincke. To delay that assignment on grounds that a portion of the

6

Judgment may be unclear would grossly distort the limited purpose which a stay pending appeal is designed to serve. Accordingly, the Stay Motion will be denied.

### B.  Motion to File Papers Under Seal

In support of his Stay Motion, Fincke has filed a written report (the "Report") prepared by "Fincke's outside expert," which allegedly demonstrates that the New Design is "dissimilar from protectable components of the [Access AED] and '645 Application." Fincke seeks permission to file the Report under seal to prevent disclosure of secret information related to the New Design. The information contained in the Report, however, does not impact the outcome of the Stay Motion, for the reasons discussed above. The Judgment is directed solely to the protected intellectual property underlying the Access AED, and technical details involving the New Design are not at issue for purposes of determining whether a stay of the Judgment is appropriate.

### III.  **CONCLUSION**

For the foregoing reasons, Fincke's Stay Motion and Motion to File Papers Under Seal are DENIED.[2] Separate orders in conformity with this Memorandum shall issue forthwith.

DATED: April 17, 2006

By the Court,

*Henry Jack Boroff*

Henry J. Boroff
United States Bankruptcy Judge

---

[2] The March 31, 2006 Judgment and Order will be stayed, however, until April 27, 2006 in order to permit Fincke a reasonable period in which to seek review of this ruling from the District Court.